UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS,                                                                                                                                                                     Plaintiff,

v.                                                                                               Civil Action No. 3:21-cv-765-DJH

ELLEN SEXTON,                                                                                                       Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Lynell Willis filed the instant action proceeding *in forma pauperis*. On February 11, 2022, the Court entered a Memorandum Opinion and Order finding that this lawsuit must be dismissed as frivolous and that Plaintiff has abused the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, even after the Court warned him not to do so (Docket No. 4). The Court directed Plaintiff to show cause why an injunction should not be entered barring him from proceeding *in forma pauperis* in any future action in the U.S. District Court for the Western District of Kentucky. Plaintiff did not file a response. For the reasons stated herein, the Court concludes that the proposed injunction should be issued.

As the Court explained in ordering Plaintiff to show cause, Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991). Federal courts may revoke or deny the privilege of proceeding without prepayment of the filing fees when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).

When a litigant abuses this privilege by repeatedly filing frivolous lawsuits, federal courts have the inherent power to deter such suits by imposing appropriate sanctions, including restrictions on future access to the judicial system. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam). While the Sixth Circuit has stated that an individual cannot be absolutely foreclosed from initiating an action or filing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), a court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Id.*; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith[.]" *Maxberry*, 879 F.2d at 224.

The Court's records show that Plaintiff has filed thirty-nine civil actions in this Court since February 15, 2019, including twenty-three cases filed since January 13, 2021. Plaintiff paid the filing fee in only one case, *Willis v. Stivers*, 3:21-cv-366-DJH. Moreover, he has filed at least eight cases alleging claims of "signature fraud," based on a frivolous assertion that his signature was stolen years ago, against various individuals, including the Honorable Chief Judge Greg N. Stivers (3:21-cv-366-DJH); the Honorable Senior Judge Charles R. Simpson III (3:20-

cv-397-JRW); Washington Governor Jay Inslee (3:20-cv-413-CHB); former Georgia Governor Nathan Deal (3:20-cv-412-JRW); Hardin Circuit Court Clerk Loretta Crady (3:20-cv-398-RGJ); attorney William F. McMurry (3:20-cv-396-DJH); and Lionel Dripps of the "Center for Voting Information" (3:20-cv-395-RGJ).  Each of these cases was dismissed as frivolous and/or for lack of subject-matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  In addition, Plaintiff has brought frivolous lawsuits against public figures, including singer Beyonce Knowles (3:20-cv-411-DJH); basketball player Rajon Rondo (3:20-cv-410-CRS); and former First Lady Laura Bush (3:21-cv-263-RGJ).  Of Plaintiff's thirty-two cases which have been reviewed thus far, eighteen cases have been dismissed as frivolous and/or for lack of subject-matter jurisdiction under *Apple v. Glenn*; ten cases have been dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute; and four cases have been dismissed for either lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h) or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  None of his actions have proceeded beyond the pleadings stage.

In Plaintiff's case against former First Lady Laura Bush, *Willis v. Bush*, 3:21-cv-263-RGJ (DN 5), the Court stated:

> Plaintiff has filed thirty-five civil actions in this Court since February 15, 2019, including nineteen cases filed since January 13, 2021.  Of the twenty-one cases which have been reviewed by the Court thus far, they have all been dismissed, and fourteen of his cases were dismissed as frivolous either under 28 U.S.C. 1915(e)(2)(B)(i) or *Apple v. Glenn* or both.   The **Court WARNS Plaintiff** that, if he files further frivolous lawsuits, it will impose sanctions against him, including but not limited to prefiling restrictions.

In a case Plaintiff filed against two Clerk's Office employees, *Willis v. Thompson et al.*, 3:21-cv-334-RGJ (DN 4), the Court stated:

> [Plaintiff] has filed thirty-five civil actions in this Court since February 15, 2019, including nineteen cases filed since January 13, 2021.  Of the twenty-one cases which have been reviewed by the Court thus far, each was dismissed, and fourteen

3

of his cases were dismissed as frivolous either under 28 U.S.C. 1915(e)(2)(B)(i) or *Apple v. Glenn* or both.

It is well established that a court possesses the inherent authority to control proceedings before it, and to take any and all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. [at 43]. Where a party repeatedly takes actions that interfere with the orderly processing of cases or that undermine the dignity and solemnity of court proceedings, a court may impose appropriate sanctions to prevent such conduct, [*id.*] at 45-46, including entry of an order prospectively requiring the vexatious litigant to obtain permission from the Court before filing any new lawsuit. *Filipas v. Lemons*, 835 F.2d [at 1146]; *Maxberry v. S.E.C.*, 879 F.3d [at 224]. The **Court WARNS Plaintiff** that, if he engages in further harassing or abusive conduct, including nonsensical allegations against Clerk's Office employees such as made in this case, or files further frivolous lawsuits, it will impose sanctions against him, including but not limited to prefiling restrictions.

Plaintiff was also warned that filing further frivolous lawsuits would result in sanctions in *Willis v. North Hardin High School et al.*, 3:21-cv-352-DJH; *Willis v. Social Security Administration*, 3:21-cv-351-GNS; *Willis v. Mike Foster et al.*, 3:21-cv-325-RGJ; *Willis v. Nathan Walters & Associates et al.*, 3:21-cv-324-DJH; and *Willis v. Association of the Courts et al.*, 3:21-cv-307-CRS.

Plaintiff's filing of frivolous lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with potentially meritorious claims of the speedy resolution of their cases. His continued filing of baseless complaints reveals his bad faith and amounts to an abuse of the privilege of proceeding *in forma pauperis*. *See Riches v. Garese*, No. 0:08-cv-86, 2008 U.S. Dist. LEXIS 47387, at *5 (E.D. Ky. June 18, 2008).

Given Plaintiff's pattern of filing frivolous lawsuits, the Court concludes that the least severe sanction likely to deter him from filing future frivolous lawsuits is to permanently enjoin him from proceeding *in forma pauperis* in any future action filed in this Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not

4

close the courthouse to Plaintiff but does impose financial consequences designed to compel Plaintiff to seriously consider whether he has a good-faith legal basis before initiating yet another lawsuit.

Accordingly, the Court **ORDERS that Lynell Willis, also known as Lynell Willis, Jr.,[1] shall no longer be permitted to proceed** *in forma pauperis* **in any action in the United States District Court for the Western District of Kentucky.  The Clerk of Court is DIRECTED not to accept for filing any action by Willis that is not accompanied by the proper filing fee.**

Date:    March 18, 2022

David J. Hale, Judge
United States District Court

cc:     Plaintiff, *pro se*
        United States District Court, Western District of Kentucky, all divisional offices
4415.010

---

[1] Willis has filed his complaints using both names.

5